**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3559
_____

UNITED STATES OF AMERICA


v.

JASON EMANUEL SMART-EL,
a/k/a Jason Smartel

Jason Emanuel Smart-El,
                              Appellant


_____

Appeal from United States District Court for the District of New Jersey
(Crim No. 09-cr-00605-001)
District Court Judge: Honorable Noel L. Hillman


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 10, 2011
_____

Before: JORDAN, GREENAWAY, JR. and GARTH, Circuit Judges.
(Opinion Filed: February 11, 2011)


_____

OPINION
_____


1

GARTH, *Circuit Judge*:

Appellant Jason Emanuel Smart-El ("Smart-El") appeals from the District Court's sentence of 198 months. Smart-El contends the District Court's sentence was unreasonable and "greater than necessary" to accomplish the goals of sentencing. He argues that the Court did not give "meaningful consideration" to certain relevant mitigating factors, and more generally to all of the § 3553(a) factors. We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we set forth only those facts necessary to our analysis.

Smart-El was arrested on July 8, 2008, and on September 23, 2009, Smart-El pled guilty to a two-count Superseding Information charging him with Possession with Intent to Distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two).

The District Court held a sentencing hearing on August 13, 2010. The Probation Office calculated Smart-El's total offense level to be 31, and his criminal history to be Category VI. Thus Smart-El faced an advisory guideline sentencing range of 188 to 235 months. Count One carried a mandatory minimum term of five years and maximum of 40 years, while Count Two carried a maximum of 10 years. Probation applied the career offender enhancement pursuant to U.S.S.G. § 4B1.1, in part because Smart-El had been

2

previously convicted of drug distribution offenses and aggravated assault and robbery. Both parties agreed at sentencing on the applicable advisory Guideline sentencing range (*See* Sentencing Transcript, pp. 10-11), and Smart-El does not contest the applicable range here.

At sentencing, Smart-El did not make a departure motion, but asked the court for a downward variance. Smart-El argued for a below Guideline sentence based on drug abuse problems, mental and physical health conditions, including a fight with lymphoma and a diagnosis as a schizophrenic catatonic, the nature and circumstances of the offense in that Smart-El was a lower level drug dealer, his close relationship with his family, and the disparate treatment faced by black male crack-dealer career offenders under the Guidelines. Smart-El submitted supportive letters from friends and family. The Government asked for a sentence within the Guideline range, citing Smart-El's past criminal history, the nature of his offense, and the need to deter Smart-El and protect the public.

The Court considered the 18 U.S.C. § 3553(a) factors, and the additional factors mentioned by Smart-El, but ultimately denied a downward variance and sentenced Smart-El to a total of 198 months incarceration, a sentence at the low end of the Guideline range. The Court also imposed a five-year term of supervised release. The Court's sentence was based in part on the seriousness of Smart-El's offense, the need for deterrence, the need to protect the public from further crimes, and Smart-El's past criminal history.

The District Court entered its judgment on August 19, 2010, and Smart-El filed a timely Notice of Appeal on August 24, 2010.

## II.

Smart-El argues that his within-Guideline-range sentence is unreasonable because the District Court improperly weighed certain § 3553(a) factors and failed to give sufficient weight to others.

The sentence imposed by a district court is reviewed for unreasonableness. *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006). The party challenging the sentence has the burden to demonstrate unreasonableness. *Id.* We evaluate the reasonableness of a sentence by reviewing factual findings for clear error and exercising plenary review over a district court's interpretation of the Guidelines. *United States v. Fisher*, 502 F.3d 293, 308 (3d Cir. 2007). This is done via a three-step process. *Id.* First, we review whether the sentencing court correctly calculated the Guideline range. Second, we determine whether the district court considered the § 3553(a) factors and any other sentencing grounds "properly raised by the parties which have recognized legal merit and factual support on the record." *Id.* This second step includes consideration of departure motions. *United States v. Jackson*, 467 F.3d 834, 840 (3d Cir. 2006). Finally, we determine whether the § 3553(a) factors were reasonably applied to the circumstances of the case. Under this third step, we review the record for a demonstration that the trial court gave "meaningful consideration" to the § 3553(a) factors. *Id.* at 841. However, the court need not discuss an argument that is without merit, nor must a court discuss and

make findings as to each § 3553(a) factor "if the record makes clear the court took the factors into account at sentencing." *Id.* In summary, we must ascertain both that the district court followed the proper procedure, and that its sentence was substantively reasonable. *Fisher*, 502 F.3d at 308. "[W]e address any challenges to the substantive reasonableness of the sentence under an abuse of discretion standard . . . ." *United States v. Ward*, 626 F.3d 179, 183 (3d Cir. 2010).

Neither party argues that the Guideline range was calculated incorrectly. Likewise, no departure motions were submitted in this case. Smart-El does not distinguish what appears to be some claim of procedural error from a claim of substantive error. He argues that the District Court did not meaningfully consider the § 3553(a) factors, and that the within-Guideline sentence was unreasonable: in other words that the § 3553(a) factors were not reasonably applied to the circumstances of his case. Smart-El has failed to meet his burden of demonstrating that the District Court committed a procedural error or assigned to him a sentence that was substantively unreasonable.

The District Court reviewed the parties' written submissions, listened to arguments from both parties, and heard directly from Smart-El. The record makes clear that the District Court gave full consideration to the § 3553(a) factors and to the mitigating factors propounded by Smart-El. (Sentencing Transcript, pp. 29-30.) The District Court specifically listed all of the mitigating factors argued by Smart-El and noted that it had taken all of these arguments into consideration. (Sentencing Transcript, p. 30.) The Court additionally noted its discretion to grant a variance. (Id.) The Court ultimately determined that a variance was unwarranted, and that a Guideline sentence

5

"furthers the statutory factors." (Id.) This determination was based in part on Smart-El's past criminal history and recidivism. The Court rejected certain of Smart-El's mitigation arguments (for example, by noting that , Smart-El's hardships should have been a marker for Smart-El to change his behavior, rather than continue it), but also accepted certain arguments in deciding upon a sentence toward the bottom of the Guideline range (for example, Smart-El's close ties to his family and his work history). The District Court's determination was neither procedurally nor substantively unreasonable, and the Court did not abuse its discretion in assigning a sentence within the Guideline range.

III.

For the foregoing reasons, we will affirm the sentence of the District Court.